IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

STATE OF DELAWARE            :
                             :     I.D. No.: 2011007650
        v.                   :
                             :
BRANDON HOLLAR,              :
                             :
        Defendant.           :


Submitted:  November 4, 2021
Decided:  December 7, 2021


***Upon State's Motion to Summarily Dismiss
Defendant's Amended Motion to Suppress
GRANTED IN PART***

***Upon Defendant's Amended Motion to Suppress
DENIED WITHOUT PREJUDICE***


## ORDER

This matter is before the Court on Defendant Brandon Hollar's (the "Defendant") Amended Motion to Suppress and the State's Motion to Summarily Dismiss Defendant's Amended Motion to Suppress. For the reasons set forth below, the State's Motion is **GRANTED IN PART**, and Defendant's Amended Motion is **DENIED WITHOUT PREJUDICE** and with leave to re-file an appropriate motion to suppress within 10 days from the date of this Order.

1

## I.     Factual and Procedural Background

On June 7, 2021, a Kent County grand jury indicted Defendant on multiple charges, including Possession of a Firearm by a Person Prohibited and Drug Dealing. These charges arose from the execution of a Rule 9 Warrant, a protective security sweep of Defendant's residence, and the execution of a subsequent search warrant.

On September 23, 2021, Defendant filed a seven-paragraph Motion to Suppress (the "Motion"). The Motion contained no citations to case law or any other legal authority, and did not include any affidavits, police reports, or other informational exhibits. On September 27, 2021, the State filed a Motion to Summarily Dismiss the Defendant's Motion to Suppress without leave to refile.

On September 28, 2021, Defendant submitted a Motion to File Out of Time, stating his intent to clarify and provide additional legal support to his original Motion. The Court granted the Motion to File Out of Time on October 6, 2021. On the same day, Defendant filed an Amended Motion to Suppress (the "Amended Motion"). This Amended Motion was nearly identical to his original Motion, except for the addition of a single footnote. In response, the State filed a Motion to Summarily Dismiss the Defendant's Amended Motion to Suppress (the "Motion to Dismiss the Amended Motion"). On October 12, 2021, Defendant submitted a Response to the State's Motion to Dismiss the Amended Motion.

## II. Legal Standard

"A movant seeking suppression of evidence has an obligation to present both a specific statement of facts and a statement of legal authority so as to persuade the Court to grant its motion."[1] Superior Court Criminal Rule 41(f) ("Rule 41") provides the standards that govern the factual and legal sufficiency of a motion to suppress. Rule 41 requires that a motion to suppress state the grounds upon which it is made with sufficient specificity in order to (1) give the State reasonable notice of the issues; and (2) enable the Court to determine what proceedings are appropriate to address them.[2] A party's failure to allege factual bases upon which relief may be granted may result in the Court (1) determining that a suppression hearing is not needed, and (2) summarily denying the motion.[3]

## III. Discussion

The State argues that Defendant's Amended Motion is "factually sparse, is almost entirely devoid of any citation to legal authority, and lacks an affidavit to support its challenge to the execution of the warrants."[4] Because of these

---

[1] State v. Kaniecki, 2021 WL 5114938, at *1 (Del. Super. Nov. 4, 2021).

[2] Super. Ct. Crim. R. 41(f).

[3] State v. Wilson, 2008 WL 2192815, at *1 (Del. Super. May 23, 2008) (noting that legal authorities instruct that "general and conclusory allegations are not sufficient to trigger a [suppression] hearing.").

[4] Mot. to Summarily Dismiss Amen. Mot. to Suppress ¶ 8.

deficiencies, the State contends that the Amended Motion is "facially insufficient" and fails to comport with the requirements of Rule 41.[5] The Court agrees.

## A. The Requirements of Rule 41

This Court "invites practitioners to consider motions to suppress as analogous to a pleading or an oral objection to the admissibility of evidence made during the course of trial – *i.e.*, requiring a high degree of specificity."[6] This invitation is reflected in the text of Rule 41.[7] However, when a party fails to provide sufficient factual allegations or statements of law to support the motion, and instead provides only general conclusory statements, the Court may determine that a hearing or further consideration of the motion is not needed.[8]

The recent case of State v. Kaniecki demonstrates this point.[9] In that case, the defendant filed a motion and an amended motion to suppress evidence seized as the result of a traffic stop and subsequent search warrant.[10] However, the amended motion provided conclusory statements and only limited citation to legal authority that purported to support the defendant's argument.[11] Throughout its opinion, the

---

[5] Id.

[6] State v. Dunson, No. 1612008614, slip op. at 2 (Del. Super. July 7, 2017).

[7] Super. Ct. Crim. R. 41(f).

[8] Kaniecki, 2021 WL 5114938, at *1.

[9] Id.

[10] Id.

[11] Id. at *2.

4

Court provided illustrations of the motion's deficiencies.[12] For example, the Court noted that, although the motion contended that the defendant's vehicle was stopped without adequate probable cause, it failed to provide any factual basis for that assertion.[13] Further, although the motion argued that defendant, a passenger in the stopped vehicle, had standing to challenge the stop, the defense provided no legal authority to support the proposition.[14] Because of the apparent "paucity of factual support and legal authority" within the motion, the Court summarily dismissed the defendant's motion without prejudice.[15]

## B. Defendant's Motions

Like the motion at issue in <u>Kaniecki</u>, Defendant's Amended Motion offers mostly conclusory statements with limited legal support and almost no factual analysis. Defendant's original seven-paragraph Motion asserted, without further explanation or analysis: (1) the scope of the security sweep "tainted the entire search warrant[;]" (2) "[t]here did not exist a legitimate nexus between the Defendant's alleged drug activities and his home prior to the entry to serve a Rule 9 warrant;" and (3) "[t]here were no exigent circumstances that would suggest the Defendant's

---

[12] <u>Id.</u>

[13] <u>Id.</u>

[14] <u>Id.</u>

[15] <u>Id.</u>

home had to be breeched [sic] some fifteen (15) days after the Rule 9 warrant was issued."[16] In making these arguments, Defendant cited no legal authority and offered no supporting affidavits.

Defendant subsequently amended his Motion to provide one footnote of citation to legal authority. The four cases cited within the footnote purport to support Defendant's assertion that the security sweep of Defendant's home was improper. In its Response to the State's Motion to Dismiss the Amended Motion, the Defense notes that one of those cases, <u>State v. Roundtree</u>, is "prima facie precedent" addressing "all other aspects of the illegal search."[17] Given these circumstances, the Court must determine whether the factual assertions and legal authority within Defendant's Amended Motion adequately (1) put the State on notice of the issues Defendant intends to raise; and (2) enable the Court to determine what proceedings are appropriate to address them.

### 1. Factual Analysis in the Defendant's Motion

The Defendant's Amended Motion makes numerous conclusory assertions without providing any explanation or analysis. For example, although Defendant states that there was an insufficient nexus between "Defendant's alleged drug

---

[16] Mot. to Suppress ¶¶ 5-7.

[17] Resp. to Mot. to Dismiss Am. Mot. to Suppress ¶ 4.

activities and his home prior to the entry to serve a Rule 9 warrant,"[18] he did not provide a copy of the warrant at issue, or a summary of the facts relied upon within the warrant. The Amended Motion cites no case law to demonstrate the information required to establish a nexus between the alleged criminal activity and the place to be searched. The Amended Motion provides no explanation as to why the nexus should be considered insufficient. Without the presentation of these factual arguments, the Court is unable to conclude that it should grant Defendant's Amended Motion.

Defendant contends that, because the State is "aware of Roundtree," it is sufficiently on notice of the factual arguments Defendant intends to rely upon in support of his Amended Motion.[19] However, even if the State is "aware of Roundtree" and the issues it addresses, Defendant's Amended Motion fails to connect the dots adequately between the cited case law and the facts of the instant case. The Amended Motion provides very little factual explanation of (1) the execution of the Rule 9 warrant; (2) the execution of the security sweep; or (3) the execution of the subsequent search warrant. Without an adequate description of these events, both the State and the Court are forced to speculate about what occurred and

---

[18] Am. Mot. to Suppress ¶ 6.

[19] Resp. to Mot. to Dismiss Am. Mot. to Suppress ¶ 3.

how those events relate to Defendant's legal arguments.[20] Mere reference to four case names, without any accompanying legal analysis, cannot cure this deficiency.

## 2. Case Law Cited by Defendant

Defendant contends that his citation to <u>Roundtree</u> should sufficiently put the State on "proper notice as to the legal arguments the Defendant intends to rely upon for support of his Motion."[21] In <u>Roundtree</u>, the defendant moved to suppress evidence uncovered during a warrantless search of his residence.[22] The warrantless search occurred as part of a protective security sweep, during which police discovered contraband.[23] After observing the contraband, the police applied for and executed a search warrant, through which they discovered an illegal firearm.[24] The defendant contended that the officers' security sweep exceeded its permissible bounds, and, therefore, tainted the subsequent discovery of the contraband.[25] In evaluating the defendant's claim, the Court analyzed two distinct exceptions to the

---

[20] <u>See</u> <u>Dunson</u>, 1612008614, slip op. at 2-3 ("Motions that lack sufficient factual allegations and statements of law force the Court into the role of counsel, making the parties' best arguments for them, and raising issues they themselves did not raise. This is inappropriate in our adversarial system.").

[21] Resp. to Mot. to Dismiss Am. Mot. to Suppress ¶ 4.

[22] <u>State v. Roundtree</u>, 2017 WL 4457207, at *1 (Del. Super. Oct. 4, 2017).

[23] <u>Id.</u>

[24] <u>Id.</u>

[25] <u>Id.</u> at *2.

general warrant requirement: (1) the emergency doctrine; and (2) a limited protective sweep incident to arrest.[26]

Therefore, although Defendant is correct in his assertion that <u>Roundtree</u> addresses the issue of the proper scope of a protective sweep, the case says nothing about (1) establishing the requisite nexus between Defendant's alleged illegal behavior and the place to be searched pursuant to a search warrant, or (2) the proper time frame for executing a Rule 9 warrant – both of which were raised by Defendant in his Amended Motion. The other cases cited in Defendant's singular footnote also fail to address these issues.

## IV. Conclusion

Defendant's Motion and Amended Motion fail to comply with the requirements of Rule 41. Accordingly, no suppression hearing is necessary to consider the merits of Defendant's Amended Motion. The Court will grant the State's Motion to Dismiss the Amended Motion, and will deny Defendant's Amended Motion without prejudice. Thus, Defendant may file a motion to suppress that contains the requisite legal and factual support.

---

[26] <u>Id.</u> at *3-4.

**WHEREFORE**,  the State's Motion is **GRANTED IN PART**, and Defendant's Amended Motion is **DENIED WITHOUT PREJUDICE** and with leave to re-file an appropriate motion to suppress within 10 days from the date of this Order.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge

RLG/ds
*Via Email & U.S. Mail*
OC:   Prothonotary
        Kevin B. Smith, Esquire
        James E. Ligouri, Esquire